IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA
c/o Department of Justice
Washington, D.C. 20530,
                                        Plaintiff,


        v.                                                          Civil Action No.


BARRY DILLER
c/o IAC/InterActiveCorp
555 West 18th Street
New York, NY 10011
                        Defendant.

## PLAINTIFF'S MOTION FOR ENTRY OF FINAL JUDGMENT

Plaintiff, the United States of America, having filed its Complaint in the above-captioned case, and having filed on this date a Stipulation and proposed Final Judgment, hereby moves this Court for entry of a Final Judgment against defendant Barry Diller. By agreement of the parties, the Final Judgment provides for the payment of a civil penalty of $480,000 by defendant Barry Diller pursuant to Section 7A(g)(1) of the Clayton Act, 15 U.S.C. § 18a(g)(1).

## STATEMENT OF POINTS AND AUTHORITIES

The Complaint in this action alleges that the defendant violated Title II of the Hart-Scott-Rodino Antitrust Improvements Act of 1976 ("HSR Act" or "Act"), Section 7A of the Clayton Act, 15 U.S.C. § 18a, which requires certain acquiring persons and certain persons whose voting securities or assets are to be acquired to file notification with the Department of Justice and the Federal Trade Commission ("the antitrust enforcement agencies") and to observe a waiting

period before consummating certain acquisitions of voting securities or assets.  The Complaint alleges that the defendant Barry Diller was in continuous violation of the HSR Act during the period beginning on November 1, 2010 and ending on June 22, 2012, when the waiting period expired.  Under section (g)(1) of the Act, 15 U.S.C. § 18a(g)(1), the United States may recover a civil penalty for violations of the Act of up to $16,000 per day of the violation.[1]  Accordingly, the Complaint seeks "an appropriate civil penalty."  As the Stipulation and proposed Final Judgment state, the defendant has agreed to pay a civil penalty of $480,000 within thirty days of entry of the Final Judgment.

The HSR Act provides the antitrust enforcement agencies important antitrust enforcement tools that enable them to investigate acquisitions of voting securities or assets exceeding the Act's size thresholds before they occur.  Compliance with the HSR Act is important in furthering the public interest in effective antitrust enforcement, and the antitrust enforcement agencies in appropriate instances seek civil penalties for violation of the Act's notification and waiting requirements.  All of the HSR Act civil penalty cases to date have been settled via consent judgments in which the antitrust enforcement agencies are satisfied, as they are here, that the penalty obtained is appropriate to address the seriousness of the particular violation and to deter the defendant and others from future violations.

The procedures of the Antitrust Procedures and Penalties Act ("APPA"), 15 U.S.C. § 16 (b )-(h), are not required in this action.  The APPA requires that any proposal for a "consent

---

[1]  The maximum daily civil penalty, which had been $10,000, was increased to $11,000 for violations occurring on or after November 20, 1996, pursuant to the Debt Collection Improvement Act of 1996, Pub. L. 104-134 § 31001(s) and FTC Rule 1.98, 16 C.F.R. § 1.98, 61 Fed. Reg. 54548 (Oct. 21, 1996).  The maximum daily penalty was increased to $16,000 for violations occurring on or after February 10, 2009, 74 Fed. Reg. 857 (Jan. 9, 2009).

judgment" submitted by the United States in a civil case filed "under the antitrust laws" be filed with the court at least sixty days in advance of its effective date, published in the Federal Register and a newspaper for public comment, and reviewed by the court for the purpose of determining whether it is in the public interest.  Key features of the APPA are preparation by the United States of a "competitive impact statement" explaining the proceeding and the proposed judgment, and the consideration by the court of the proposed judgment's competitive impact and its impact on the public generally as well as individuals alleging specific injury from the violation set forth in the complaint.

Because the Complaint seeks, and the proposed Final Judgment provides for, only the payment of civil penalties, the procedures of the APPA are not required in this action.  A consent judgment in a case seeking only monetary penalties is not the type of "consent judgment" contemplated by the APPA.  Civil penalties are intended to penalize a defendant for violating the law, and, unlike injunctive relief, have no "competitive impact," and no effect on other persons or on the public generally, within the context of the APPA.  The legislative history of the APPA does not contain any indication that Congress intended to subject settlements of civil penalty actions to its competitive impact review procedures.  No court to date has required use of APPA procedures in cases involving only the payment of civil penalties.[2]

---

[2]  See, e.g., United States v. Smithfield Foods, Inc. and Premium Standard Farms, LLC, 2010-1 Trade Cas. (CCH) ¶ 76,880 (D.D.C.); United States v. John C. Malone, 2009-1 Trade Cas. (CCH) ¶ 76,659 (D.D.C.); United States v. ValueAct Capital Partners, L.P., 2008-1 Trade Cas. (CCH) ¶75,998 (D.D.C.); United States v. Iconix Brand Group, Inc., 2007-2 Trade Cas. (CCH) ¶75,900 (D.D.C.); United States v. James D. Dondero, 2007-1 Trade Cas. (CCH) ¶ 75,710 (D.D.C.); United States v. Qualcomm Inc. and Flarion Tech. Inc., 2006-1 Trade Cas. (CCH) ¶ 75,195 (D.D.C.).  In each case, the United States noted the issue in a motion for entry of judgment, explaining that the APPA did not apply.

For the above reasons, the United States asks the Court to enter the Final Judgment in this case.

Dated:   July 2, 2013

Respectfully Submitted,


_____/s/_____
Kenneth A. Libby
Special Attorney

Federal Trade Commission
Washington, D.C. 20580
(202) 326-2694